## THE DORIS ECKHOFF.

### LOUD and others *v.* THE DORIS ECKHOFF, etc.

*(District Court, S. D. New York. February 15, 1887.)*

ADMIRALTY—PRACTICE—STIPULATION FOR VALUE—ESTOPPEL—LIMITED LIABILITY—AMENDMENT—REAPPRAISEMENT.

Where, upon arrest, a vessel is released upon a stipulation given for her value, and by subsequent amendment, in the progress of the cause, is allowed to plead the statutes in limitation of liability, the owners are not estopped by the stipulation from showing that the stipulated value included the value of

subsequent repairs. The stipulation for value to release from arrest and the undertaking given under the statute of limited liability being for different purposes, reappraisement should be allowed to fix the value of the vessel and freight at the termination of the voyage, as determining the statute limit of liability in case the owners are found entitled to its benefits.

In Admiralty.
*George A. Black*, for libelants.
*Goodrich, Deady & Goodrich*, for respondents.

BROWN, J. The bark Doris Eckhoff, having been libeled for damages inflicted upon the libelant's vessel, both being in tow of steam-tugs, was released from custody upon the execution of a stipulation for the sum of $8,000, her appraised value. Both vessels, as the evidence shows, were damaged by the collision. Prior to the hearing, an amendment to her answer was allowed, setting up the statutes in limitation of liability as a partial defense. The libelant now contends that the owners of the bark and the stipulators are estopped by the appraisement and the stipulation in the sum of $8,000 from proving that her surrender value, for which her owners would be accountable under the statutes in limitation of liability, is any less than the amount of their stipulation given in this cause. I cannot sustain the libelant's position. There is no doubt that the stipulation stands in the place of the *res*, and that the stipulators, to the extent of their stipulation, are substituted for the steamer, and are liable "to the exercise of all those authorities on the part of the court which the tribunal could properly exercise if the thing were still in the custody of the court." *The Webb*, 14 Wall. 418; *U. S.* v. *Ames*, 99 U. S. 36. If the bark were still in custody, the amount which her owners would be obliged to pay in order to exonerate themselves from liability would be, not her value as she then was, but her value immediately after the collision, or after the termination of the voyage. *The Great Western*, 118 U. S. 520, 525, 6 Sup. Ct. Rep. 1172. The value of the repairs that might have been made upon her in the meantime would be excluded. *The City of Norwich*, 118 U. S. 468, 471, 6 Sup. Ct. Rep. 1150.

When the bark was appraised, and released upon the stipulation for $8,000, it would seem that no proceedings in limitation of liability were contemplated. This limitation was not set up in the original answer. The object of the stipulation was simply the immediate release of the vessel, and her delivery to her owners, without reference to any question of limited liability. When it afterwards appeared that application for a limitation of liability might be expedient, there is no good reason why the owners should be precluded from showing the actual value of the vessel at the termination of the voyage, exclusive of any repairs between that time and the time when the stipulation was given. The objects of the two stipulations are quite distinct,—the one is for the immediate possession of the vessel as she is; the other, for the payment into court of her value in her damaged condition at the close of the voyage, or security for that value. If the vessel were still in custody, upon the amend-

ment that has been·allowed setting up the defense of limited liability, an appraisement would be ordered of her value at the close of the voyage in her damaged condition. As the stipulation already given represents her value in her improved condition, and is subject to all orders of the court that might affect the *res* itself, if still in possession, it is competent for the court to admit an appraisement of the vessel in her damaged condition, and to substitute that measure of liability in case the claimants are entitled to the benefits of the statute. In the case of *The City of Norwich*, above cited, the original stipulation was for $70,000. A reappraisement was afterwards allowed upon amendment; upon which the owners were required to pay but $2,500, her value before raising and repair, and this was affirmed by the supreme court. Pages 471, 489–493.

It will doubtless be the duty of the commissioner to scrutinize closely any efforts that may be made to depreciate unduly the value of the bark in her damaged condition, or her value when repaired. There is no reason, however, to apprehend any such attempt in this case more than in ordinary cases. That is no reason for holding the owners or the stipulators to the value of $8,000, which plainly was not intended as her damaged value, nor given in reference to proceedings in limitation of liability; and upon the precedent of *The City of Norwich* it is clearly the duty of the court to admit proof of her value at the close of the voyage, and before repair.

Since writing the above, I find that similar proof in reduction of liability upon a bond for value was admitted by Dr. LUSHINGTON in the *Case of Duchesse De Brabant*, 1 Swab. 264.